further compensation for total disability on account of other injuries arising out of the same accident, which second award should run concurrently with the first award.

While the Commission has found that the injuries other than those resulting in the loss of the foot have disabled the claimant from working until January 28th, the date of the report, and has awarded compensation therefor to February 27, 1915, and has continued the case for further hearing, there is no finding that such disability is permanent, as would be the case in the event of the loss of a thumb or finger, or that the disability will exist at the expiration of the period of 205 weeks.

The award of compensation for the loss of the foot should be affirmed. The award of compensation for injuries other than the loss of the foot should be reversed, but without prejudice to the further continuance of the case, and to the right of the claimant to make further application to the Commission, or its successor, for an award of compensation on account of such other injuries, should he be so advised. All concur.

---

NOLAN v. NOLAN et al.　(No. 168–79.)

(Supreme Court, Appellate Division, Third Department.　July 1, 1915.)

1. WILLS ☞456—CONSTRUCTION—INTENT.
　　Where the language used in a will has a clear meaning, it must be accepted as disclosing the intent, which intent must be upheld, if consistent with the rules of law; and the court must not construe a will contrary to the ordinary meaning of the language, upon conjecture as to intent, or upon suspicion that the testator did not understand it.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 974; Dec. Dig. ☞456.]

2. WILLS ☞462, 463—CONSTRUCTION—INSERTION OR OMISSION OF PROVISIONS.
　　Courts may insert or leave out provisions, if necessary, but only in aid of the testator's intent, and never to devise a new scheme, or make a new will.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 981, 982; Dec. Dig. ☞462, 463.]

3. WILLS ☞456—CONSTRUCTION—LANGUAGE AND EFFECT.
　　In the construction of a will, the court cannot assume that the testator and draftsman did not understand the ordinary language used, or that they were ignorant of the rules of property rights, but must presume that they knew how testator's undisposed property would be distributed by statute among his children.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 974; Dec. Dig. ☞456.]

4. WILLS ☞449—CONSTRUCTION AGAINST INTESTACY.
　　The law favors the construction which will prevent partial intestacy, but only when a contrary intention is not expressed.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 965; Dec. Dig. ☞449.]

5. WILLS ☞453—CONSTRUCTION—EQUALITY—DISTRIBUTION.
　　The law favors equality among children in the distribution of estates, and in case of doubt selects that which leads to such results.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 971; Dec. Dig. ☞453.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. WILLS ⬧⬧⬧472—CONSTRUCTION—LATER OR INCONSISTENT CLAUSES.

Where there is an irreconcilable inconsistency between two provisions of a will, effect will be given to the latter in preference to the earlier clause, as being the latest expression of the testator's intention.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 990, 991; Dec. Dig. ⬧⬧⬧472.]

7. WILLS ⬧⬧⬧481—CONSTRUCTION—TIME.

A will is to be considered as speaking as of the time of the testator's death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1005–1007; Dec. Dig. ⬧⬧⬧481.]

8. WILLS ⬧⬧⬧634—CONSTRUCTION—REMAINDER.

Testator, leaving a widow and nine children surviving, the youngest then about two years of age, and leaving both real and personal property, devised to his widow the use and control of all the real and personal estate for the maintenance of herself and the children so long as she remained his widow, but on her remarriage devised the use and control to his eldest son, to provide for the other children until the youngest reached 21, subject to the widow's dower rights, and after the death of his wife, or her remarriage, if that should occur before the youngest child became of age, devised to the eldest son absolutely all of the realty and the remainder of the personalty, subject to the maintenance of any child or children until they reached 21. The eldest son, then about 17, remained on the property with his mother, who had the direction and proceeds of the fund, until he was about 30 years of age, when the widow, who had never remarried, died. *Held*, that the will provided for the support of the widow and minor children, and left the corpus of the estate equally to the children, and not to the eldest son.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. ⬧⬧⬧634.]

Appeal from Trial Term, Franklin County.

Action by Thomas F. Nolan against John M. Nolan and others. Judgment for defendants, and plaintiff appeals. Affirmed, on the opinion at Trial Term.

The opinion of Van Kirk, J., at Trial Term, was as follows:

Michael Nolan died December 18, 1890 (24 years ago) leaving both real and personal property, and leaving him surviving nine children, one of whom is the plaintiff. Two sons, Patrick H. and Charles V., have died; no widow or child surviving either. Michael Nolan also left a widow, Catherine Nolan, who died on the 13th day of August, 1913. Catherine Nolan never remarried. At the time of his death Michael Nolan was living with his wife and children on his farm in Franklin county. From time to time a child has left home, and some of them have always remained with the mother to the time of her death. Plaintiff, Thomas F. Nolan, was the eldest son after the death of Patrick. Thomas remained on the farm until about 10 years ago with his mother and the other children, working the farm; the mother having the direction and the proceeds of the farm. At the time of Michael Nolan's death, his youngest child was about 2 years of age and Thomas about 17.

The will of Michael Nolan was duly admitted to probate in Franklin county. The sole question is the construction of paragraphs first and second of the will. The two paragraphs are as follows:

"First. After the payment of all my just debts I give, devise and bequeath to my wife Catherine Nolan the use, benefit and control of all the real and personal estate of which I may die possessed, to be used by her for the support and maintenance of herself and our children, so long as she remains my widow. But in case of her marriage the use and control of the said real and personal estate shall pass from her to my son Thomas Nolan, who shall sup-

port and provide for my children till the youngest child is of the age of twenty-one years, subject to the dower right of my wife or widow.

"Second. On and after the death of my wife or her marriage, if such events should' occur before my youngest living child is of age, I give, devise and bequeath to my son Thomas Nolan all of my real estate and all that remains ·of my personal estate to be his absolutely, subject to the support and maintenance of such child or children till they reach the age of twenty-one years."

The question is whether or not the testator has disposed of the corpus of his estate, except in the events that his wife dies or remarries before the youngest child reaches the age of 21 years. There are two chief purposes expressed in the will: (1) To provide for the wife while she remains his widow; (2) to provide for his young children during minority. The first provision (1) gives to the wife the use and control of his property during life, if she does not remarry, or, as expressed, "so long as she remains my widow"; (2) in case his widow marries before the youngest child becomes of age, transfers the "use and control from her to my son Thomas Nolan, who shall support and provide for my children till the youngest child is of the age of twenty-one years." In the second provision he still has in mind the care of his minor·children, and he provides that, if the widow dies or remarries before the youngest child reaches its majority, then the absolute title goes to Thomas, subject to the support of the children during their minority.

[1, 2] If the language used in a will has a clear meaning, it must be accepted as disclosing the intent, and this intent must be upheld if consistent with the rules of law. The court must not construe a will contrary to the ordinary meaning of the language used upon conjecture as to intent, or upon suspicion that the testator did not understand the expressions used. Tilden v. Green, 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487; 40 Cyc. 1402. Courts may "insert or leave out provisions, if necessary, ,but only in aid of the testator's intent and purpose; never to devise a new scheme or make a new will." Leggett v. Stevens, 185 N. Y. 70, 77, 77 N. E. 874, 876. The courts are to construe, not construct.

[3, 4] We cannot assume that the testator and the one who drafted the will did not understand the ordinary meaning of the language used, or that they were ignorant of the rules of property rights. They knew, for instance, that the widow's dower must be recognized, and they are presumed to have known how testator's property undisposed of by will would descend and be distributed by statute among his children. Adams v. Massey, 184 N. Y. 62, 69, 76 N. E. 916. It is true that the law favors a construction of the will which would prevent partial intestacy (Schult v. Moll, 132 N. Y. 122, 30 N. E. 377; Vernon v. Vernon, 53 N. Y. 361), but only when a contrary intention is not expressed (Matter of Disney, 190 N. Y. 128, 82 N. E. 1093). In this will a contrary intention is expressed in simple language.

[5] There is another rule equally positive with the last: "The law favors equality among children in the distribution of estates, and in case of doubtful construction it selects that which leads to such a result." Stokes v. Weston, 142 N. Y. 433, 439, 37 N. E. 515, 517. The reasonable conclusion is that the testator did not intend to give his property absolutely to his son Thomas, unless the wife, Catherine, should die or remarry before the youngest child attained the age of 21 years. Under this construction, if the burden of caring for the minor children be cast upon Thomas, he shall have the farm and personal property. A reason would exist for discriminating in his favor as against the other children. On the other hand, if no such burden falls upon him, then the property is distributed share and share alike among the surviving children or their descendants.

I have not overlooked the skill of plaintiff's counsel in suggesting another construction of the will. He urges two changes to disclose the intent. He inserts a clause in parenthesis, so that the latter part of the first paragraph would read as follows: "But in case of her marriage the use and control of the said real and personal estate shall pass from her to my son Thomas (by and in the manner provided in the next paragraph), who shall support and provide for my said children until the youngest child is of the age of twenty-one years." And in the second paragraph he strikes the letter "s" from "events," making it read: "On and after the death of my wife or her

marriage, if such event should occur before my youngest child is of age, I give, devise and bequeath to my son Thomas Nolan all of my real estate and all that remains of my personal property, to be his absolutely, subject to the support and maintenance of such child or children until they reach the age of twenty-one years."

[6] As to the change in the first paragraph, the plaintiff says the gift of the use and control was not an estate for life, or part of his life, but was a reference to or anticipation of the absolute gift made in the second paragraph. By this contention the plaintiff seeks to avoid the inconsistency between the first ·and second paragraphs of the will; one giving the use and control to Thomas upon the happening of a certain event, and the other giving the absolute title upon the happening of the same event. By accepting this construction (and the language permits it) we arrive at the same result reached under the rule: Where there is an irreconcilable inconsistency between two provisions of a will, effect will be given to the later in preference to the earlier clause, as being the latest expression of the testator's intention. Adams v. Massey, 184 N. Y. 62, 76 N. E. 916; Van Vechten v. Keator, 63 N. Y. 52.

But I do not think the change suggested in the second paragraph (striking out the "s") should be accepted. There is nothing in the will indicating an intention upon the part of the father to dispose of the corpus and to make a preference among his children, except upon the happening of the events named. The language is simple, its ordinary meaning clear, and we are not at liberty to assume he did not understand its meaning.

[7, 8] In considering this will, it must be remembered that it speaks as of the time of the testator's death, 24 years ago. What has happened since was necessarily unknown to him at the time. He did know that if he died then, he would leave young children to be cared for; also his widow. While she remained his widow, he meant she should be cared for, and while his children remained minors he meant they should be cared for; and I can discover no reason existing at the time why that solicitous care he felt for his minor children should not extend to the distribution of his estate, except the one above mentioned. It is true that, if the widow remarried, or died, shortly before the youngest child became of age, the reward would seem large; but, if Thomas was to enjoy the benefits provided for him under the will, he was restricted from other undertakings and occupations, and must at all times hold himself in readiness to comply with the terms of the will. Thomas did remain on the farm and served his mother faithfully for 13 years, till he was about 30 years of age.

The court, therefore, if at liberty to make a fair distribution of the estate, would be inclined to make him some allowance for services; but the court must confine itself to construing the will. It cannot make a new will. The present will, construed as above, complies with the intent of one "desirous of making an equitable and proper disposition of my property at my decease." It provides for the support of his widow and minor children, and, as the events have occurred, leaves the remainder equally to his children, the natural objects of his bounty. This the law favors.

A decision may be prepared in compliance with the stipulation of the parties and with this memorandum.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Cantwell & Cantwell, of Malone (John M. Cantwell, of Malone, of counsel), for appellant.

George J. Moore, of Malone, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Van Kirk, J., at Trial Term.